**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES OF AMERICA,

        **Plaintiff,**

v.
                                        **Case No: 6:26-cv-601-JA-DCI**

CHAD KOTRYS,

        **Defendant.**

## ORDER

The United States initiated this case by filing a complaint against Chad Kotrys (Defendant) to recover $32,312.73 plus interest.  Doc. 1. The United States alleges that Defendant was delinquent in repayment of a debt owed for an overpayment due to "late separation." *Id*.  By order dated May 18, 2026, the Court granted the United States' Motion for Clerk's Entry of Default, and the Clerk subsequently entered default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). Docs. 13, 14.  Pending before the Court is the United States' "Request for Clerk's Entry of Default Judgment" brought pursuant to Rule 55(b)(1).  Doc. 15 (the Motion).

The Motion is due to be denied without prejudice.  The United States cites to Rule 55(b)(1) to request that the Clerk enter default judgment in favor of the United States and provides that "[t]he sum certain in this matter is $32,576.05[.]" *Id*. at 1 to 2.  "Although Rule 55(b)(1) provides for entry of default judgment by the clerk, courts in this District have nonetheless found it proper to review such motions and then, only if appropriate, direct the entry of judgment." *Estes Express Lines v. Coverlex, Inc.*, 2019 WL 13183880, at *1 (M.D. Fla. Apr. 19, 2019) (citing *Color Events, BV v. Multi Talen Agency, Inc.*, 2018 WL 4762973, at *1 (M.D. Fla. Sept. 17, 2018)); *see also Reyes v. Gen. US Constr., LLC*, 2022 WL 16963816 *1 to 2 (M.D. Fla. Nov. 16, 2022) (reviewing

the plaintiff's "motion to assess damages" brought pursuant to Rule 55(b)(1) and denying the request because the motion was insufficient.).

A party is not entitled to a default judgment merely because a clerk's default has been entered. Instead, before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well pleaded factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] It the party's burden to address the elements of the causes of action and the specific, well-pled facts in the operative complaint that satisfy each of those elements.

Here, the Motion is insufficient to demonstrate that default judgment is proper. Specifically, the United States does not include a legal memorandum of law in support of the request. *See* Local Rule 3.01(b) ("A motion must include — in a single document no longer than twenty-five pages inclusive of all parts — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request."). Instead, the United States provides a general citation to Federal Rule of Civil Procedure 55(b)(1) and does not set forth the elements of the claim or demonstrate how the well-pleaded allegations of the Complaint establish those elements. The United States provides virtually no information regarding the jurisdictional basis for the claim or its elements.

Also, the United States requests that the Court assess Defendant penalties at a rate of 6 % and include in the award a substantial administration fee but includes no source for the relief. *See* Doc. 15-1. The United States' affidavit regarding the breakdown of damages and citation to a

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

"valid contract" attached to the Complaint does not assist the Court.  *See* Local Rule 3.01(h) (A motion, other legal memorandum, or brief may not incorporate by reference all or part of any other motion, legal memorandum, or brief.").  Default judgment under Rule 55(b)(1) is appropriate if the claim is for a sum certain or a sum that can be made certain by computation.  Without a memorandum of law and additional information regarding the United States' claimed damages, the Court will not grant the relief.  *See Kawasaki Motors Fin. Corp. v. Tifton Cycles, Inc.*, 2012 WL 4829549, at *1 (M.D. Ga. Oct. 10. 2012) (finding that the plaintiff fulfilled Rule 55(b)(1)'s affidavit requirement but the motion was insufficient because the plaintiff did no provide evidence to show how the number was calculated); *Directv v. Huynh*, 318 F.Supp.2d 1122, 1129 (M.D. Ala. May 19, 2004) ("As a general rule, the court may enter a default judgment awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by *detailed* affidavits") (citing *Adolph Coors Co.*, 777 F.2d 1538, 1543 (11th Cir. 1985); *Directv, Inc. v. Griffin*, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003) (emphasis added)).

Based on the foregoing, it is **ORDERED** that:

1.  the Motion (Doc. 15) is **DENIED without prejudice**; and

2.  **on or before July 21, 2026**, the United States may file a motion for default judgment in accordance with this order and the Local Rules of this Court.  **The failure to comply may result in dismissal of this action for failure to prosecute without further notice.**

**DONE AND ORDERED** in Orlando, Florida on June 30, 2026.

Copies furnished to:

Counsel of Record
Unrepresented Parties

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

- 3 -